PER CUR.
The Court is of opinion, that the appellee, having consigned his goods to Holloway, for sale, withoutet particular instructions not to sell upon credit, the latter was at liberty to use his own discretion on the occasion;* in •exercise of which, he appears to have acted fairly and prudently, so as to have met the approbation of his principal: And, therefore, the outstanding debts were the property, and at the risque of the appellee, and not chargeable to the factor or his representatives; unless, having undertaken the collection, they were guilty of such gross negligence as, in equity, ought to charge them: which cannot be imputed to the factor, who died so soon afterwards; nor to the appellants, who appear, from the facts stated in the Master’s second report, to have used proper diligence in employing agents of ability and integrity to make the collection, and to have given probable reasons for its failure -And, therefore, the appellants are entitled, at present, to a credit for the' amount of the outstanding debts. That, as to the eight hundred pounds of colfee, the price of which is claimed by the appellee, there appears, at this time, no ground to charge the appellants for that article; since the statement made by Stewart, respecting it, to which the answer refers, is unsatisfactory for a decision either way; and, therefore, that the claim ought not now to be allowed. That the credit for the twenty half Joes paid Walch, by , order of the appellee in August, 1781, ought not to stand, as in the decree, to be re-paid now in specie, with interest; but, ought to be applied at its relative value at the time, towards the discharge of the paper debt. Specie, at that period, not being considered as a circulating medium, but a commodity at market, the value of which was to be settled by contract, or if none such, by the current value at that time, Independent of the legal scale; nor, in the present case, has the contract for tobacco, another commodity, any influence on the question. The Master, residing at Petersburg, is presumed to have been .well acquainted with the value, and in his first report to have stated the-credit accordingly, (having departed from the legal scale, and the contracts for tobacco;) and, therefore, that it ought *308 to stand as there stated, in paper; and that the other arti0jes 0f ¿gbit and credit ought to stand as stated in the last account. That the demand being for an account unliquiin which there were considerable articles in dispute, so that it was uncertain on which side the balance would be, no interest ought to be allowed on the balance. * The decree, therefore, is to be reversed, and the cause remanded to the High Court of Chancery, for, that Court to have the account between the parties reformed, and a decree entered according to the principles of this opinion, reserving to the appellee libertv to make a 'future claim for the outstanding debts, or any of them, on proper proof of the receipt thereof by the appellants, or of gross negligence in them in the collection; and as to the coflee, upon proper • proof to charge them.

[* See Scott et al. v. Surman et al. Wilks’ R. 406; Houghton et al. v. Matthews et al. 3 Bos. & Pull. 489; Wiltshire v. Sims, 1 Campb. Cas. 258; Geyer v. Decker, 1 Yeates’ R. 486; Van Alen et al. v. Tanderpool et al. 6 Johns. R. 69; Goodenow v. Tyler, 7 Mass. R. 36; and see Leverick v. Meigs et al. 1 Cowens’ Rep. 645, in which the general duty of a factor is considered.]

[* See Kerr et al. v. Love, 1 Wash. 172; Waggoner v. Gray's adm’rs. 2 H. & M. 603; Gilpins v. Consequa, 1 Peters’ R. 95 179; Consegua v. Fanning, 3 Johns. Ch. R. 601.]